Chasmar v. Bucken.

HENRY CHASMAR et al., executors,.

$v.$

EMMA BUCKEN et al.

A testatrix directed her executors to sell all of her lands and divide the proceeds among her legatees " within eighteen months of the date of my death." She gave one-sixth of the residue to her daughter Emma, and Emma's children, who were to have one-third of Emma's share, " each to receive the income of that share in equal portions * * * till he, she or they shall each become of lawful age," and another sixth to each of her sons, John, Henry and William, and their respective children, the same as Emma's; and one-sixth absolutely to each of her daughters Maria and Margaret; and also provided that if any of her grandchildren " should die before reaching their majority, * * * the surviving brother or sister is to receive the share so as before herein devised and bequeathed." Testatrix died in May, 1874. Emma then had two children, but now has three, John had and has four children, Henry two and William five. All the grandchildren are living.—*Held,*

(1) That the interests of the grandchildren vested at testatrix's death subject to defeat by death before attaining majority, and that consequently the last child of Emma took no interest.

(2) That the provision as to dividing the proceeds of the land was merely directory, and that therefore the executors could legally exercise the power of sale after the expiration of the eighteen months specified in the will.

Bill for construction of will. On final hearing.

*Mr. A. I. Smith,* for complainants.

THE CHANCELLOR.

Margaret Chasmar, deceased, late of Hudson county, died May 10th, 1874, leaving a will dated on the 1st day of that month. The will is as follows:

"After payment of all just debts due by me at the date of my death, I order the distribution of the estate, real and personal, owned by me, in the following manner: The proceeds of the sale to be divided and given to such heirs as are hereinafter named, by my executors, within eighteen months of the date of my death.

"All my personal property I give and bequeath to my husband, Henry Chasmar, and to him, also, I devise and give the one-third of all the real estate

owned by me, the same being hereby devised and given to him and his heirs forever.

"The residue of my estate I give and devise as follows: The one-sixth of such residue to my daughter Emma, and the children of my said daughter; said children to have the one-third of said share, each to receive the income of that share in equal portions from my executors till he, she or they shall each become of lawful age.

"The one-sixth of such residue to my son John, and the children of my said son.

"The one-sixth of such residue to my son Henry, and the two children of my said son. The children of my said sons John and Henry to receive the income of the respective shares in manner and form as stated for the children of my daughter Emma.

"To my daughter Maria I devise and bequeath the one-sixth of said share, to her and her heirs forever.

"To my son William E., and to his children, the one-sixth of said share or residue; the one-third of this division to belong to the said children in equal shares; the same to be invested and kept for their use, and they to enjoy the income thereof till they or each of them shall reach lawful age.

"Should any of my grandchildren die before reaching their majority, in that case the surviving brother or sister is to receive the share so as before herein devised and bequeathed.

"To my daughter Margaret I devise and bequeath the one-sixth of the residue hereinbefore named, to her and her heirs forever.

"Finally, I constitute and appoint my husband, Henry Chasmar, and my neighbor, John B. Williams, to be the executors to carry into effect the provisions of this will; and to them I give authority and power to sell such real estate as I may hold at my decease."

The testatrix's daughter Emma has three children. At her mother's death she had only two. John had and has four children, Henry two, and William five. All the grandchildren are living.

One of the questions presented for consideration and adjudication is, What are the interests of the children and grandchildren, respectively, under the will? The testatrix gives all her personal estate and one-third of her real property to her husband, and the residue to her children and grandchildren. She gives power to her executors to sell her real estate, and directs that the proceeds be distributed among her legatees within eighteen months after her death. To her daughter Emma and her children she gives one-sixth of the residue, providing that the latter shall have one-third of that sixth; that is, that they shall have one-third

Chasmar *v.* Bucken.

dent, shall receive the share by the will given to that family of grandchildren.

By the gifts to John and Henry, and their children, the testatrix intended to make the same provision for them that she had in the previous clause made for Emma and her children, and which, in a subsequent one, she made for William and his children.

Though the gifts are to John and his children, and Henry and his two children, and the will is silent except by reference, as to the amount of the shares the children are to have, yet it speaks of their "shares," and it is manifest, from a consideration of all the provisions of the will on the subject of the gifts to the children and grandchildren, that the testatrix intended to give an equal sixth of the residue to each of her six children and their children, where they had any; where there were children, the parent to have two-thirds of the sixth absolutely, and the children one-third; the latter not to have their share until they should have attained to majority, but in the meantime to have the income from it; and as to her two daughters, Maria and Margaret, who had no children, the sixth of the residue given to each of them was to go to them absolutely. In the clause above mentioned in which she provides for the event of the death of any of the grandchildren, she uses the word "share" with reference to the interest of the grandchildren, thus referring to an entire interest (termed a "share" in the bequest to Emma and her children) given to the children of the family. In the gifts to John and Henry and their children the will provides that the children are to "receive the income of the respective shares in manner and form as stated for the children of Emma." The testatrix evidently did not intend that the children of John and Henry should receive the income of the entire shares of the residue given to their fathers and them; for in that case there would in fact be no gift to the fathers. She refers to the provision for Emma's children which is in the next preceding clause as indicating her intention in those gifts, which is that the children shall have the same share as that given to Emma's children,

27

Henry should receive the income of the entire shares of the residue given to their fathers and them; for in that case there would in fact be no gift to the fathers. She refers to the provision for Emma's children which is in the next preceding clause as indicating her intention in those gifts, which is that the children shall have the same share as that given to Emma's children, and that it shall be payable to them at the same time, *i. e.,* their majority, and be kept invested in the meantime for their benefit.

The child of Emma, born after the death of the testatrix (she was born March 8th, 1878) is not entitled to share in the part of the residue given to Emma and her children..

Where a legacy is given to a class as "the children" of a person, and no period is fixed for the distribution of the legacy, it is to be considered as due at the testator's death, and none but children born or begotten previously to that time are entitled to share in it. And where by the will there is a postponement of the division of a legacy given to a class until a period subsequent to the testator's death, any one who answers the description so as to come within the class at the time which is fixed by the testator for the division, will be entitled to a share, though not *in esse* at the death of the testator, unless there is something in the will to show that the testator intended to limit his bounty to such of the class as would answer the description when the will took effect by his death. Where the bequest is in terms immediate, and so intended to be by the testator, and the description of persons to take is general, there none that do not fall within the description at the time of the testator's death can take. *Crone* v. *Odell, 1 B. & B. 449; Myers* v. *Myers, 2 McCord Ch. 214; 2 Redf. on Wills 329; Hawk. on Wills 68, 71.* In the case in hand the gift to the children of Emma is immediate, and took effect on the death of the testatrix. The gift is to the children, and it is qualified only by the provision that they are only to have the income until they attain to their majority, and the provision that the gift shall go over in case of their death before attaining to majority. It vested on the death of the testatrix. Nor, it may be added, is the time of enjoyment postponed. The will provides that the proceeds of the real estate,

out of which alone, as before stated, the legacies to the children and grandchildren are to come, shall be divided and given to the legatees within eighteen months after the death of the testatrix.     It does not provide that the legacies shall not be payable until the children attain to majority, but only that they shall have only the income until they attain to their majority.     In *Davidson* v. *Dallas, 14 Ves. 576,* where a testator by will gave a sum of money to the children of his brother to be equally divided between them, and provided that if either of them should die before the age of twenty-one years the decedent's share should go to the survivors, it was held that the legacy vested in the children living at the testator's death, subject to be devested in the event specified, and that after-born children were therefore excluded. Here, as there, the gift is immediate, and the fact that the children during their minority are limited to the enjoyment of the income makes no difference.

A further question under the will is submitted for decision, viz., whether, seeing that by the will the executors are directed to divide and give to the legatees the proceeds of the sale of the real estate within eighteen months from the death of the testatrix, they can now, over nine years after that event, lawfully execute the power of sale.     The express power of sale is at the close of the will.    It is not limited by its terms.    The direction to divide and give the proceeds of the real estate to the legatees within eighteen months from the time of the testatrix's death, at the commencement of the will, is merely directory.

There is nothing in the will to forbid the exercise of the power after the lapse of the eighteen months.    The legatees have a right to have the real estate sold to raise their legacies.    The executors may still execute the power, and can make a good title under it.    *Perry on Trusts* § *771; Pearce* v. *Gardner, 10 Hare 287; Cuff* v. *Hall, 1 Jur.* (*N. S.*) *972; Chambers* v. *Howell, 11 Beav. 6; Shalter's Appeal, 43 Pa. St. 83.*