SMITH DAVIS, executor &c.,

*v.*

JOHN DAVIS et al.

Under this clause in a will, "I give and devise unto the lawful heirs of David Davis, $500, to be paid to them by my executor when they shall arrive at the age of twenty-one years," David Davis being the son of the testator and having, when the will was executed, three children, and when testator died, *four*, all of whom are now living, and two minors—*Held*, (1) That this gift was to the children of David Davis, as a class, and that each child who was living at testator's death took a vested interest; (2) that each child is entitled to payment of its portion of the $500, on attaining majority, but not to interest thereon from the time of testator's death, because, as grandfather, he did not stand *in loco parentis;* (3) that the legal construction of the word "heirs," in this clause, is not controlled or affected by another clause in the will, making a bequest to the "children" of testator's daughter.

Bill for construction of will.   On final hearing on pleadings and proofs.

*Mr. W. E. Potter,* for complainant.

*Mr. J. S. Mitchell,* for defendants.

THE CHANCELLOR.

Joel Davis, late of Millville, died in May, 1868.   By his

will, which is dated February 6th, 1866, he made, among other devises and bequests, the following:

"I give and devise unto the lawful heirs of David Davis, $500, to be paid to them by my executor when they shall arrive at the age of twenty-one years."

David Davis was his son. The executor brings this suit to obtain a construction of that bequest. He settled the estate in the orphans court, in 1869. It proved insufficient to pay all the legacies in full, and he has paid the percentage (eighty-two and fifty-two hundredths) to all the legatees, except those mentioned in the above-quoted bequest, and obtained their release. Since he paid that percentage, he has collected $62.18 for the estate, on a suspended claim. At the date of the will, David Davis had three children, but, before the testator's death, another was born to him. They are all still living. The oldest was, at the filing of the bill, twenty-eight years old; the next, twenty-one; the third, eighteen; and the fourth, sixteen.

By the term "lawful heirs," the testator meant legitimate children. That he did not use the word "heirs" in its technical sense, is evident from the fact that he directs that payment be made to the legatees, by his executor, when they arrive at the age of twenty-one years. He therefore referred to certain persons, all of whom were under age. He uses the word "heirs" to signify children, in a previous section, in which he gives property, both real and personal, to his daughter Ruth, "and to her heirs after her." David Davis was living when the will was made and also when the testator died. Speaking technically, he had no heirs, for a living man has none; but, according to the common use of the term, his children were his heirs, though he was still alive. The gift to the designated persons was immediate and vested on the death of the testator. He therefore referred to persons who, at his own death, would be "heirs" of his son David, who was living when the will was made, as he still is. He could not have meant persons who would, technically speaking, be the heirs of David, but must have meant heirs apparent, or children. The construction to be put upon the word "heirs,"

in such cases, is generally a mere question of intention. The cases in which the courts, in expounding wills, have construed the term as meaning children, are so numerous that a reference to them is unnecessary.

It is suggested that the fact that the testator, in the section next preceding that under consideration, in making a bequest to the children of one of his daughters, used the term "children" for the purpose, is an argument against construing the word "heirs" to mean children, inasmuch as it might be supposed that, in using different terms, he meant to designate different persons in the two cases.     But, in the early case of *Loveday* v. *Hopkins, 1 Amb. 273*, that very consideration was regarded as a strong argument the other way.     There, the testatrix gave to her sister Tooke's heirs, £1,000 ; to her sister Loveday's heirs, £6,000, and to her sister Brady's children, £1,000.     The master of the rolls, Sir Thomas Clarke, was clearly of opinion that she intended to give the £6,000 to the children of Mrs. Loveday, as, in the subsequent clause, she intended to give £1,000 to Brady's children.     In many of the cases, the testator recognized, in the context, by a gift to the person to whose heirs the gift was made, or in some other way, the existence of such person when the will was made.     Here, he merely refers to the person as David Davis.     But David Davis was his son, and he does not speak of him as a deceased person. He knew he was alive.

As before stated, the gift, which is to a class, was immediate, and vested on the death of the testator.     Those who are to take under it are ascertained by reference to the time of the testator's death.     Those who were the members of the class then, and not those only who were members of it when the will was made, are entitled to take.     *Theob. on Wills 142.*     Therefore, all of the children of David Davis are entitled to share in the gift, for they were all *in esse* when the testator died.     And those of them who have attained their majority were entitled to payment as they reached the age of twenty-one years.     And they are entitled to interest from, but only from, that time.     The others will be entitled to payment as they respectively attain to their majority.     The legatees are entitled to interest only from the time

their legacies are payable.    There is no legal ground for the claim that the legatees are entitled to interest before that time, for their maintenance.    The testator, who was their grandfather, did not stand *in loco parentis* to them.

The executor and the answering defendants are entitled to costs and a reasonable counsel fee, in this suit.   The money which was collected on the suspended claim since the executor settled his account, will be applied to that purpose, as will, also, so much of the interest collected on the legacy in question as may be necessary.