WARREN D. HAGGERTY and MERRITT L. HOCKENBERRY,
      executors of the will of John Haggerty, deceased,

*v.*

WALTER W. HOCKENBERRY et al.

H., by his will, devised and bequeathed the residue of his estate to the
children of his son W., "*that he now has or may or shall hereafter have, and if
his last child should be unborn at the time of his death, to include that one,*" in equal
shares, and directed that the same should be held in trust and invested by his
executors, and that *as* the "*said*" children of his son should arrive at the age
of twenty-one years they should be paid their respective shares, with the inter-
est that should accrue thereon.—*Held,* that the grandchildren living at the
death of the testator took vested interests, subject to open and let in their
after-born brothers and sisters, payable to them when the entire class of takers
shall be determined, and as they respectively reach the age of twenty-one
years.

On bill to construe will, answer for infant defendants and
proofs.

*Mr. James F. Conklin,* for the complainants.

THE CHANCELLOR.

By his will, dated September 23d, 1888, and admitted to pro-
bate in February, 1892, John Haggerty bequeathed $5,000 each
to his daughter, Emma Elizabeth Hockenberry, and his son,
Warren D. Haggerty, and then, among other things, made the
following provisions:

"*Fifth.* I give and bequeath unto the children of my said daughter, Emma
Elizabeth Hockenberry, that she now has and may or shall have at the time
of her death, the sum of two thousand dollars, to be equally divided between
and among them share and share alike—to them, their heirs, executors, admin-
istrators and assigns, absolutely, forever.

"*Sixth.* All the residue of my property and estate, whatever the same may
be and wherever the same may be, I give, bequeath and devise unto the chil-
dren of my said son Warren D. Haggerty, that he now has and may or shall
hereafter have, and if his last child should be unborn at the time of his death,

to include that one, to be divided equally among them share and share alike—to them, their heirs, executors, administrators and assigns, absolutely, forever."

The testator then directs that his land shall be converted into money within eighteen months after his death, and proceeds as follows:

"*Eighth.* I do hereby make, constitute and appoint my said executors, and the survivor and successor of them, trustees and trustee to hold in trust for my said grandchildren what I have given, bequeathed and devised to my said grandchildren; to keep the same at interest upon such security or securities as my said executors, or the survivor or successor of them, shall deem safe and responsible, and pay to my said grandchildren, respectively, what I have given, bequeathed or devised to them, with the interest that shall accrue thereon, as they each shall arrive at the age of twenty-one years.

"*Ninth.* I leave it to the good judgment and discretion of my said executors, or the survivor or successor of them, whether it will be necessary and expedient for any share, bequest or devise that I have given to any of my said grandchildren, or any part thereof, to be paid and used for the tuition, education, books, board, clothing, doctor bills and maintenance, or any of them, of or for any of my said grandchildren before they shall be twenty-one years of age; and if they, my said executors, or the survivor or successor of them, shall think and believe it to be necessary and expedient for the benefit and advantage of my said grandchildren or any of them, before they, or any of them, shall be twenty-one years of age, to pay any of their respective shares or bequests that I have given them, or any part thereof, for the purpose, object or end aforesaid, then I order and direct my said executors, or the survivor or successor of them, to pay from time to time such part and parts of the respective shares and bequests that I—given to my said grandchildren, as they, my said executors, or the survivor or successor of them, shall think and believe to be necessary and expedient for the purpose, object and end aforesaid before my said grandchildren, or any or all of them shall be twenty-one years old, and take receipts, respectively, from the respective persons to whom they, my said executors, or the survivor or successor of them, shall pay, for the sums respectively they shall pay, which shall be to them, or the survivor or successor of them for the amount they or the survivor or successor of them shall have paid of the respective shares and bequests that I have given to my grandchildren aforesaid; and when my said grandchildren respectively arrive at the age of twenty-one years deduct from the share or bequest of each one for whom anything shall have been paid for the purpose, object and end aforesaid, the amounts, respectively, that shall have been paid of each one's share or bequest that I have hereinbefore given to my said grandchildren, then pay the respective balance of said shares or bequests, if any there be."

The testator's daughter, Emma Hockenberry, was born on the 30th of August, 1846, and now has two children, Walter W. Hockenberry, born April 24th, 1878, and Merritt L. Hockenberry, born November 4th, 1885. His son, Warren D. Haggerty, was born on the 15th day of January, 1853. He has six children—John D., born June 22d, 1873; Joseph L., born July 24th, 1875; Merritt L., born August 8th, 1877; Warren D., born August 22d, 1879; George, born November 24th, 1881, and Deane S., born December 18th, 1887.

The eldest of these grandchildren is now twenty-one years of age. The complainants ask instruction whether the grandchildren are entitled to be paid their respective shares as they severally reach the age of twenty-one years, and, if they are to be so paid, what proportion of the several funds shall go to each; also, whether the complainants may advance for necessities of the present living grandchildren under twenty-one years of age, and if so, how much they may advance.

The intention of the testator, as manifested in the fifth and sixth paragraphs of his will, unmistakably was that all his grandchildren, not only those born at his death but those thereafter to be born, should respectively share in the funds he created.

The provision in the first of those paragraphs for his daughter's children expressly includes not only the children she "now" has—the will speaking as of the death of the testator—but also those she "may" or "shall" have "at" the time of her death.

To digress for a moment, I am of opinion that the word "at," referring to the death of the daughter, is used by the testator in the sense of the word "until," the class intended being all of his daughter's children. If the word "at" should be taken literally, it is to be noted that the class would consist of the two children living at the testator's death and only such children in addition as should survive the mother. From the fact that the testator does not subject the existing children to the contingency of their failure to survive their mother, and from the fact that his son's after-born children are not subjected to such a contingency under similar provision, I am of opinion that he did not mean to subject any of the children of his daughter to the contingency, and

hence that the word "at" was used in the sense of the word "until."

The intention to include all future grandchildren is even more marked in the sixth paragraph. There the presently-existing children and all children that the son "may or shall hereafter have" are expressly included, and, in anticipation of question whether the language is comprehensive enough to include a child born after the son's death, emphasis is given to the purpose that all the son's children shall take by expressly including one who may be so born.

The shares in the respective funds to the grandchildren are to be equal, "share and share alike."

The uncertainty of the complainants grows out of the provision which dominates the eighth paragraph, and appears to them to express an intention of the testator which cannot have effect if payments be deferred until the whole class of the participants in each fund shall be ascertained. That provision is, that each grandchild, *as* he or she shall arrive at the age of twenty-one years,. shall have his or her share of the principal, with accumulations of interest. The same intent also appears in the ninth paragraph, the leading design of which is to authorize assistance during the minority of the respective *cestuis que trustent*, by repeated reference to the period when they shall arrive at the age of twenty-one years as the time when they shall come into possession of their shares.

Under the proofs in the case this situation is now presented : John D. Haggerty has arrived at the age of twenty-one years. His father is alive and forty-one years of age, and for aught that appears to the contrary he will have other children. Is John now to be paid a share of the fund in which he is interested? And is that share to be ascertained by dividing the whole fund by the present number of the children of Warren D. Haggerty, or shall the fund be retained in trust until the death of Warren D. Haggerty or some accident shall determine the number of members in the class to which John belongs and furnish a divisor for the ascertainment of each share?

If the intention of the testator that children to be born by his daughter and to his son during their whole lives were not so expressly pronounced and clear, there might be justification, in the terms of the eighth paragraph, for holding that the limit of future births is the time when the eldest child of a class shall reach the age of twenty-one years, the period when the distribution would commence, upon the reasoning of the cases cited in *2 Wms. on Exrs. 1090* and the note to *Andrews* v. *Partington, 3 Bro. C. C. 401 (Perkins' ed.)*; but under such a holding the testator's primary intention, which is carried into the eighth paragraph by the use of the word "said," in referring to the takers, could not have effect. It is clear that he intended not to exclude any of his grandchildren, and is not entirely clear that he intended that the shares of the several grandchildren are to be taken at twenty-one, notwithstanding the whole class of takers should not then be ascertained. To give effect to this unquestionable primary intent, the subsequent provision for payment at twenty-one, I think, should be read in its light, and, if possible, reconciled with it. And I think that such a reconciliation is not only possible but reasonable. It is this: After the whole class of takers shall be ascertained, as each member reaches the age of twenty-one years he or she shall receive his or her share. Such a construction appears to me to be the only one which will preserve the integrity of the will. It is true that it postpones the enjoyment of the several interests, but, at the longest, such postponement is not for more than a life in being. Such a delay is not unusual, and it is not so grievous a hardship or inconvenience as to justify the repudiation of the testator's direction that *all* of his grandchildren shall participate respectively in the funds he provides. In course of nature the takers of one of the funds may be ascertained before the expiration of a life (*Male v. Williams, 3 Dick. Ch. Rep. 33*), and accident may lead to similar ascertainment of the takers of the other fund. This is not a case in which an inconsistency of interests is so plainly manifested as to justify the court in adopting that which is considered the most convenient or leading intent, as in the case of *Andrews* v. *Partington, 3 Bro. C. C. 401*, or in the case of *Howland* v.

*Howland, 11 Gray 469.* It is rather a question of hardship which is not allowed to control the construction of the will. *Defflis* v. *Goldschmidt, 1 Meriv. 417; S. C., 19 Ves. 566.*

It is to be observed that the gift to the grandchildren is immediate in right, the enjoyment only being postponed. A trust is created merely to afford the estate protection during such postponement. Payment in the future is directed, not because of anything personal to the recipients of the bounty, but to subserve the ascertainment of each entire class and to permit the recipients to reach a mature age before they shall take possession of that which belongs to them. The interests vest at the testator's death (*Post* v. *Herbert's Exr.; 12 C. E. Gr. 540*), subject to open and let in after-born members of the respective classes. *Ward* v. *Tomkins, 3 Stew. Eq. 3; Male* v. *Williams, supra; Dingley* v. *Dingley, 5 Mass. 535; Annable* v. *Patch, 3 Pick. 360; Ballard* v. *Ballard, 18 Pick. 41; Moore* v. *Weaver, 16 Gray 305.*

The most serious inconvenience in the interpretation which I have given to this will may arise under the ninth paragraph, for it will be so difficult for the executors to safely limit advances under the authority conferred in that section as to render the use of their power, prior to the ascertainment of the whole number of members of the respective classes, extremely perilous. The power extends to the disposition of the whole of the several shares, principal as well as income, yet it must be so exercised that no other share will be impaired or exhausted, either in principal or interest, for each share, with the interest that shall accrue thereon, is to be ultimately paid to its owner. Under the terms of this will, I do not deem it possible to hold that income may be divided from time to time among grandchildren *in esse,* as in *Morrison* v. *Morrison's Exr., 1 McCart. 330.*

The complainants will be instructed not to pay John D. Haggerty any portion of the fund in which he is interested at present. Further instruction is not shown to be necessary at this time.