Hudson Trust Company, a corporation of the State of New Jersey, as trustee under the last will and testament of William K. Leicht, deceased, complainant-appellee,

*v.*

Martha de Malignon and Margaret de Malignon, defendants-appellants, Frank Roemmelt, defendant-appellee.

[Submitted February 4th, 1947. Decided May 15th, 1947.]

*Messrs. Hopkins, Vorburger & Dickson,* for the complainant-appellee.

*Mr. John G. Flanigan,* for the defendants-appellants.

*Messrs. Howe & Davis,* for the defendant-appellee.

The opinion of the court was delivered by

Freund, J.

This is an appeal from a final decree wherein it was decreed "that Rosalie Roemmelt Snyder, a niece of deceased, died March 13th, 1945, leaving no issue her surviving, and that by the true construction of the residuary clause of the Last Will and Testament of the said decedent that part of the trust fund from which the said Rosalie Roemmelt Snyder

received the income for life should be presently paid and distributed to the defendant, Frank Roemmelt * * * and the Trustee is directed to make such payments and pay and distribute the balance then remaining to the defendant, Frank Roemmelt." It is from the foregoing determination that the appellants Martha de Malignon and her daughter, Margaret de Malignon, bring this appeal. .

William K. Leicht died in 1907 leaving his last will and testament dated July 3d, 1905, and a codicil attached thereto. By the terms of the will, the said William K. Leicht disposed of his residuary estate as follows:

"All the rest and residue of my I give devise and bequeath to the Hudson Trust Company of the County of Hudson, New Jersey in trust for the following uses and purposes, The income to be paid to my nieces Martha de Malignon wife of Herman W. de Malignon and Rosalie Roemmelt semi annually during their lives each to receive equal share of the income, In the event of my niece Martha de Malignon death she having a child or children surviving her, such child or children to receive the said income during their minority and the child becoming of age to receive an equal portion of the principal held in trust for her my niece, and so in the event of Rosalie Roemmelt death her child or children to take the income of her share during minority and to be given the principal held in trust in equal portions as such child or children become of age, In the event of either of my said nieces dying leaving no issue then the survivor is to have the income of the one half of her income and the one half of the principal sum of the niece dying without issue to be given to my nephew Frank Roemmelt, In the event of both of my nieces herein mentioned dying without issue and my nephew Frank Roemmelt surviving then the principal of this trust be given to him, In the event of my nephew dying before my nieces herein mentioned and my nieces having no issue then the principal of this trust be given to the next of kin of my nephew and nieces herein mentioned."

There are three beneficiaries specifically named in the residuary clause aforesaid, Martha de Malignon, Rosalie Roemmelt and Frank Roemmelt. Complainant, as trustee under the will of William K. Leicht, deceased, prays "that this court may construe the will of the decedent and direct the complainant with regard to its duties in the distribution of the residuary estate of the decedent."

Said Rosalie Roemmelt, who was the wife of Winfield H. Snyder and who died without issue, received the income pro-

vided for her during her life under the trust set up in the residuary clause of the decedent's will, and it is the disposition of her income so provided, and of the principal which provided her income, that is the bone of contention in this controversy.

The question on appeal for our determination is what person or persons are entitled to the income and the principal from the trust set up in favor of Rosalie Roemmelt after her death. Does the income from the trust set up in favor of Rosalie Roemmelt now accrue to the benefit of Frank Roemmelt or to Martha de Malignon or to Margaret de Malignon, and is the principal of said residuary, formerly set up in favor of Rosalie Roemmelt, payable to Frank Roemmelt, Martha de Malignon or Margaret de Malignon?

There can be no doubt that the defendant Martha de Malignon is a residuary legatee under the decedent's will and entitled to one-half of the income during her life, and that, upon her death, the income will go to her daughter, Margaret de Malignon, during her minority and that, when she arrives at her majority, the said Margaret de Malignon will receive the principal from which the said income was produced.

Rosalie Roemmelt had the income from half of the trust fund during her life but, Rosalie Roemmelt having died without issue, the pertinent question now is what disposition is to be made of the income from the trust set up in favor of Rosalie Roemmelt. We think the dispositive language in the residuary clause is that part which reads:

"In the event of either of my said nieces dying leaving no issue, then the survivor is to have the income of the one-half of her income * * *."

The learned Vice-Chancellor below held this language to be "mere surplusage." We do not agree with this conclusion and hold that decedent, knowing that Rosalie Roemmelt then had no issue, intended that the income be paid to the survivor of the decedent's two nieces. This is evident by the use of the words "in the event of either of my said nieces dying leaving no issue, then the survivor." We construe that part of the paragraph disposing of the income of decedent's resid-

uary estate to mean that he intended that all of the income should go to his specific beneficiaries, Martha de Malignon and Rosalie Roemmelt, and their issue, if any. It should be noted that Frank Roemmelt is not mentioned in that part of the residuary clause in which decedent disposes of his income; the first time the name of Frank Roemmelt appears in the residuary clause is at the end thereof, in that part which disposes of the principal, and the use of the words "in the event of either of my said nieces dying leaving no issue, then the survivor is to have the income" before the name of Frank Roemmelt is mentioned would clearly indicate that "the survivor" is one of the persons already named, *i. e.,* Martha de Malignon and Rosalie Roemmelt. "Survivor" means one who outlives another person or lives beyond some happening event. Surely, if the decedent had intended that Frank Roemmelt was to share in the income, the decedent would have had to expressly name Frank Roemmelt in that part of the residuary clause disposing of the income.

The predominant idea in the testator's mind "if apparent, is heeded as against all doubtful and conflicting provisions which might of themselves defeat it." *Johnson* v. *Haldane, 95 N. J. Eq. 404; Peer* v. *Jenkins, 102 N. J. Eq. 235; Fink* v. *Harder, 111 N. J. Eq. 439; Gluckman* v. *Roberson, 115 N. J. Eq. 522;* affirmed in *116 N. J. Eq. 531; Camden Safe Deposit, &c., Co.* v. *Scott, 121 N. J. Eq. 366.* While the decedent's will was not as carefully drawn as it might have been, nevertheless "the plain intent of the testator as disclosed by the language of his will, unless contrary to law, must govern." *Second National, &c., Co.* v. *Borden, 113 N. J. Eq. 378* (at *pp. 380* and *381*); *Bottomley* v. *Bottomley, 134 N. J. Eq. 279* (at *p. 290*).

The decedent, by his last will and testament, made substantial provision for Frank Roemmelt, other than through the residuary clause, and we think the decedent clearly intended by what he said that the income was to be paid to decedent's two nieces, or to the survivor of them.

Appellants take the view and argue that "Frank Roemmelt is not to be concerned with the trust fund unless and until it should be a fact that at the death of the testator both nieces

had predeceased him and died without issue." The residuary clause expressly provides that "the one half of the principal sum of the niece dying without issue to be given to my nephew Frank Roemmelt." We construe that part of the residuary clause disposing of the principal from which Rosalie Roemmelt received her income during her lifetime to mean that Frank Roemmelt is to have the said principal upon the death of both nieces.

The decree below will be modified to provide that the income from that part of the trust fund from which the said Rosalie Roemmelt received the income for her life shall be paid to decedent's niece, Martha de Malignon, during her life, and that, upon the death of Martha de Malignon, the principal of the trust fund from which Rosalie Roemmelt received the income for her life shall be paid to Frank Roemmelt.

*For affirmance*—DONGES, HEHER, EASTWOOD, RAFFERTY, DILL, JJ. 5.

*For modification*—THE CHIEF-JUSTICE, PARKER, BODINE, COLIE, WACHENFELD, WELLS, FREUND, MCGEEHAN, MCLEAN, JJ. 9.