The complaint herein seeks partition of a parcel of land located in Jersey City upon which is constructed a two-family house. The counterclaim of Edward G. Rennar prays for construction of the will of John P. Dolan.
As I stated on the day of the trial, the real property is incapable of actual partition. It is my opinion, therefore, that it should be sold and the proceeds divided among those entitled to take under the will of said Dolan, deceased. *Page 325 
John P. Dolan died on September 9, 1947. He left a will which, after proceedings in the Hudson County Orphans' Court, was admitted to probate. The will reads as follows:
 "Jersey City, N.J. Sept. 6/47 The names of person's below will share in my Estate upon my demis. this is my last Will and Testament Mrs. Margaret Murphy Mrs. Anges Harter (nee) Smith Teresa Elk John Duane Edward G. Rennar — Executor Patrick Commons Father Monaghan for St Pauls Parish $1000 for mass for Wife and self. John Dolan Witness Jerome Kelly — Mary Lemon"
The defendant, Rennar, insists that the residue of the estate, after the payment of $1,000 to Father Monaghan should be divided into six equal shares; i.e., he contends that he is a beneficiary as well as the executor. The remaining parties to this suit, except Teresa Elk, contend that the residue should be divided into five equal shares after the payment of $1,000 to Father Monaghan; that Rennar is merely the executor and not one of the beneficiaries. The defendant, Teresa Elk, contends that since she and her sister, Agnes Harter, are the only blood relatives of the testator who are named in the will, he intended the will to bequeath only his personal property to those named therein excluding Rennar, who was intended to be only the executor and that the testator died intestate as to the real estate in question.
While the probate proceedings were pending in the Hudson County Orphans' Court, the matter was referred to a master to hear the same for that court and to report thereon. At the master's hearing, Edward G. Rennar gave the following testimony on cross-examination:
"Q. Are you just supposed to be executor of this will?
A. That's all, sir." *Page 326 
The parties to this suit who are opposed to Rennar seized upon this testimony and offered it in evidence here as an admission by Rennar, a layman and the scrivener of the will, that the testator intended that he, Rennar, was to be merely the executor and not a beneficiary. At the time that the testimony was offered in evidence, I entertained grave doubt as to its admissibility. My opinion has not changed. When a will is unambiguous, its language is conclusive and exclusive evidence of the testator's intent. See Fidelity Union Trust Co. v. Noll, 125 N.J. Eq. 106, 107;Hudson Trust Co. v. de Malignon, 140 N.J. Eq. 167, 170;Christ's Home v. Mattson, 140 N.J. Eq. 433, 437. Where the language of the will has a definite meaning, as interpreted by the rules of construction, and applies, without ambiguity, to the beneficiary and property in existence, extrinsic evidence is not admissible to attempt to show that it does not express the true intent of the testator. See 4 Page on Wills, § 1627, p. 674.
Assuming, however, pro arguendo, the admissibility of such evidence, the question of its sufficiency becomes of prime importance. The question posed to the executor is itself ambiguous. It could be construed as follows:
"Q. Are you alone supposed to be executor of this will?" His answer, "That's all sir," is a colloquialism and could be interpreted as a simple affirmation to such question. It is my opinion that such extrinsic evidence is not of sufficient weight to overbalance the intrinsic evidence of the will itself. SeeGreenough v. Cass, 10 A. (New Hamp.) 757.
The contention of the defendant, Teresa Elk, that the decedent died intestate as to his real estate and bequeathed only his personalty by means of his will is without merit. See 3 Page onWills, §§ 942, 943, pp. 3, 4.
In view of the foregoing, it is my opinion that the residue of the estate of John P. Dolan, after the payment of $1,000 to Father Monaghan, should be divided into six equal shares and distributed to those, including Edward G. Rennar, named in the will.
Upon its presentation, I shall sign a judgment in conformity with these views. *Page 327