65 N.J. Super. 206 (1961)
167 A.2d 428
MARIANNE DeSANTO, EXECUTRIX AND TRUSTEE UNDER THE WILL OF GUSTAV HAUG, SR., DECEASED, PLAINTIFF,
v.
CHERIL HAUG, RUDOLPH HAUG, JR., AND KENNETH HAUG, DEFENDANTS.
Superior Court of New Jersey, Chancery Division.
Decided January 16, 1961.
*207 Mr. Edward I. Berry, Jr. (Messrs. Richman & Berry, attorneys), for plaintiff.
Mr. Lawrence V. White, guardian ad litem for Cheril Haug, Rudolph Haug, Jr. and Kenneth Haug.
Mr. George Warren (Messrs. Warren & Stein, attorneys), guardian ad litem for unborn children.
WICK, J.S.C.
The plaintiff trustee has brought this action for construction of the second paragraph of the last will and testament of Gustav Haug, Sr. The defendants are the present infant beneficiaries of these provisions and persons not in being, who are represented separately by guardians ad litem.
Gustav Haug, Sr., a resident of Woodbury, New Jersey, died testate on May 17, 1956. His last will and testament, *208 dated November 15, 1954, disposed of his estate in the following manner:
"Second: All the rest, residue and remainder of my estate, real, personal and mixed, of whatever nature and wheresoever situate which I may own or have the right to dispose of at the time of my decease, I give, devise and bequeath as follows:
(a) One-half thereof to my daughter, Marianne DeSanto, absolutely and in fee.
(b) One-half thereof to my grandchildren, Cheril Haug and Rudolph Haug, the children of my son Rudolph Haug, or any child hereafter born to him, or the survivor or survivors of them, equally share and share alike; provided, however, that should either of my said grandchildren be a minor at the time of my decease, then and in that event only, I give, devise and bequeath to my Trustee hereinafter named, the share of said minor child, in trust nevertheless, for the following uses and purposes:
(1) To invest, reinvest, and keep the same invested and collect the income therefrom and to pay the same in convenient installments to my said grandchild, during his or her minority. I further direct that my said trustee may in her discretion pay said income to my said grandchild, or to others for his or her support, maintenance, general welfare, comfort, education and emergency expenses without the necessity for the appointment of a guardian for said minor grandchild, and without application to any court for authority so to do, and the receipt of said grandchild or others for his or her use shall be a good and sufficient discharge of my said trustee. My said trustee is authorized and directed to pay to said grandchild or to others for his or her use out of the principal of said trust fund such additional sum or sums as she, in her sole discretion, shall deem necessary for the support, maintenance, general welfare, comfort, education and emergency expenses of said minor grandchild. * * *" (Emphasis added.)
On the date of this will the testator had two living grandchildren, Rudolph Haug, Jr., born December 3, 1942, and Cheril Ann Haug, born August 29, 1946. Prior to the testator's death a third grandchild, Kenneth Haug, was born October 7, 1955. All three grandchildren along with their father, Rudolph Haug, Sr., are still living today. As of this date no other children have been born to Rudolph Haug, Sr.
Rudolph Haug, Jr., presently 18 years of age, has requested an advance portion of his share of the trust fund *209 for his educational expenses. The plaintiff trustee, having been advised by counsel that the number of beneficiaries entitled to share in this trust is determined at the testator's death, now seeks a determination from this court whether the three children of Rudolph Haug, Sr., who were living at the death of the testator, are the only possible beneficiaries of this trust.
The primary concern of the court in construction of wills is to effectuate the intention of the testator as gathered from the context of the will in light of the circumstances existing at time of the will's execution. In re Fox' Estate, 4 N.J. 587 (1950); Lawes v. Lynch, 6 N.J. 1 (1950); Hudson Trust Co. v. De Malignon, 140 N.J. Eq. 167 (E. & A. 1947); and Blauvelt v. Citizens Trust Co., 3 N.J. 545 (1950). But in so doing, the function of the court is not to make a new will for the testator, but to construe the will which the testator made. Glover v. Reynolds, 135 N.J. Eq. 113 (Ch. 1944), affirmed 136 N.J. Eq. 116 (E. & A. 1945); Lawes v. Lynch, supra.
It is the contention of the plaintiff and the guardian ad litem for the living grandchildren that the second paragraph, section (b) of the testator's will should be construed to vest one-half of his residuary estate in the grandchildren who were alive at the testator's death and thus disinherit any grandchildren who might be born after his death. In support of this contention, the plaintiff relies upon a general rule of construction for class gifts. That rule provides that when there is a testamentary gift to a class, and no other time for ascertainment of the class is provided in the will, membership in the class closes upon the death of the testator. Several cases are cited showing the application of this rule by the New Jersey courts. Gaston v. Ford, 99 N.J. Eq. 592 (Ch. 1926); Davis v. Davis, 39 N.J. Eq. 13 (Ch. 1884); and Chasmar v. Bucken, 37 N.J. Eq. 415 (Ch. 1883).
This court cannot accept the construction of the plaintiff and guardian ad litem for the living grandchildren. The cases cited for the proposition that the class closes upon *210 the death of the testator are factually distinguishable from the case under consideration here. In each of the cases cited by the plaintiff the testator made merely a gift to the class without expressing any further intentions as to the membership of the class; therefore, the general rule of construction was applicable. However, that rule is not applicable where the testator has made an expression beyond the mere gift to the class, which evidences an intention to include all persons whenever born as beneficiaries. See 3 Page on Wills (3d ed.), pp. 216-219; also 6 New Jersey Practice (Clapp, Wills and Administration, sec. 306). The language used here by the testator goes beyond that of a mere gift to a class. He specifically includes as a beneficiary "any child hereafter born" to his son. Such language cannot be disregarded as the plaintiff attempts to do, but instead must be given some meaningful effect by the court.
The case of Haggerty v. Hockenberry, 52 N.J. Eq. 354 (Ch. 1894), involves the construction of a will very similar to that being construed here. In that case the will provision was as follows:
"Sixth. All the residue of my property and estate, whatever the same may be and wherever the same may be, I give, bequeath, and devise unto the children of my said son, Warren D. Haggerty, that he now has and may or shall hereafter have, and, if his last child shall be unborn at the time of his death, to include that one, to be divided equally among them, share and share alike. * * *" (Emphasis added)
The court in construing that provision held that the grandchildren living at the death of the testator took vested interests, but that the class did not close until Warren D. Haggerty died. The court in reaching its conclusion specifically stated that the language used by the testator, almost the same as under consideration here, unmistakably showed that the intention of the testator was that all his grandchildren, not only those born at the time of his death, but those thereafter born, should share in his estate.
*211 This court, in view of the construction given to similar language in Haggerty v. Hockenberry, supra, and upon a reading of the will as a whole, must reach the conclusion that the testator, by using the phrase "or any child hereafter born to him," intended for all his grandchildren, including those born after his death, to share equally in one-half of his residuary estate. The reference by the testator to "either of my grandchildren" (Emphasis added.) in the provisions regarding the administration of the trust should not be used to infer that testator meant to limit the class to these children, but the "either" was used solely as a matter of convenience since there were only two grandchildren living at the time the will was drawn. Furthermore, this document was prepared by counsel, and if the testator had intended that any limitations, such as sought here by the plaintiff, be placed upon the members of the class, then counsel would have included appropriate language to that effect in the second paragraph of the will.
The plaintiff trustee also advocates that the creation of a trust by the testator only effective if the grandchildren were minors at his decease, shows that the testator intended the class to close upon his death. However, such provisions are merely procedural and cannot be permitted to take precedence over the express language used by the testator to define the recipients of his estate.
One of the primary purposes of the testator appears to have been to provide for the needs of his grandchildren. There is no question in the opinion of this court that the testator did intend that the trustee have the discretionary authority to invade the principal of this trust to provide for the education of minor grandchildren. The express language of the instrument grants such power to the trustee:
"* * * My said trustee is authorized and directed to pay to said grandchild or to others for his or her use out of the principal of said trust fund such additional sum or sums as she, in her sole discretion, shall deem necessary for support, maintenance, general welfare, comfort, education and emergency expenses of said minor grandchild."
*212 Even though this court feels that the class remains open until the death of Rudolph Haug, Sr., it also is of the opinion that the trustee has the present right to exercise her discretion to invade the principal to provide for the needs of a living grandchild of this trust so long as the interests of any unborn grandchildren are sufficiently protected. Only by permitting such an exercise can the intent of the testator be carried out.
Since Rudolph Haug, Sr. is presently 43 years of age, it would appear there still remains a distinct possibility that one or more children might be born to him in the future and thus would have an interest in this fund. Therefore, to provide sufficient protection in case of the occurrence of such an event, it is the opinion of this court that the trustee has the discretionary power to expend up to one-sixth of the principal of the trust for the educational expense of Rudolph Haug, Jr. and for each of the presently surviving grandchildren as their needs require.