Complainant has asked this court to construe the last will and testament of May M. Dare, deceased, and declare complainant's rights thereunder.
Complainant and defendant executors under the Dare will have submitted the matter on stipulation, which contains a copy of the third and fourth items of the Dare Will, which read as follows:
"Third — I give and bequeath unto Cumberland Trust Company of Bridgeton, New Jersey, the sum of One Thousand Dollars, in trust to and for the following uses and purposes, to wit: —
"(a) To invest said sum and to keep the same invested in such securities as are authorized by the laws of the State of New Jersey. *Page 350 
"(b) To pay the income therefrom semi-annually to my son, C. Rulon Dare, during the term of this natural life.
"(c) On the death of my said son, to pay the income therefrom semi-annually to the Salem Quarterly Meeting of the Religious Society of Friends, to be used by said Meeting solely for the upkeep and care of the burial grounds known as Hicksite, at Greenwich, New Jersey.
"I direct my Executors hereinafter named to pay said sum of One Thousand Dollars to said Cumberland Trust Company within one year after my death, taking its release therefor.
"Fourth — All the rest, residue and remainder of my estate, both real and personal, wheresoever situate, of whatever the same shall consist, and which shall belong to me at the time of my death, I give, devise and bequeath unto my son, C. Rulon Dare, to him and to his heirs and assigns forever, as his own, absolute property."
The stipulation further shows that after the death of the decedent and the probate of her will, the Salem Quarterly Meeting of the Religious Society of Friends, at a meeting of the society, unanimously declined to accept the legacy set forth in item (c) of the third clause of the will aforesaid.
Complainant's contention is that the renunciation of the society has been legally accomplished, with the result that there is no remainderman to take advantage of the provisions of decedent's will and that complainant, being the residuary legatee under said will, is entitled to be paid the corpus of the trust fund.
The defendant New Brunswick Trust Company has filed an answer and the complainant has a decree pro confesso against the society.
The answer of the trust company admits the allegations of the bill of complaint "but states that in view of the fact that the income of the said sum of $1,000 is not to be paid to the defendant Salem Quarterly Meeting of Friends until the death of the complainant herein, the present officers and directors of said Salem Quarterly Meeting of Friends or those in charge of its affairs are without power or authority at this time to adopt the resolution mentioned in said bill of complaint filed herein," and in their supporting brief this defendant also says that "by virtue of the constitution and by-laws of the said Salem Quarterly Meeting the officers and directors of said association cannot refuse to give perpetual care *Page 351 
to the plots in the cemetery under its direction upon receipt of income specifically designated for that purpose."
Suffice it to say, with regard to the point argued in the brief, that the constitution and by-laws aforesaid are not in evidence nor is there any proof before the court that would substantiate defendant's contention in this respect.
That a devisee or legatee cannot be compelled to accept a devise or legacy is definitely settled. See 1 Bogert on Trusts
§§ 171-173, and 1 Restatement § 36 ¶ c; In re Howe,112 N.J. Eq. 17, and Olsen v. Wright, 119 N.J. Eq. 103, among the many cases that might be cited.
As to the time for renunciation or declining a legacy, the rule is that the rejection should be made promptly after the legatee has notice of the legacy, and while it is true that the legatee, being a remainderman, might be considered to have acted promptly if he gave notice after the death of the life tenant, still there is nothing that prevents the giving of such notice prior thereto. See Page on Wills § 1202.
It having been determined that the renunciation is effective, we find that after the lifetime of complainant there is no one to take the remainder and that the renunciation relates back to the time of testatrix' decease and that the moneys, the subject of the remainder, must be dealt with as if the gift of the remainder had not been made. 69 C.J. 2169.
Under the residuary clause of the will, complainant is given "absolutely" all the rest, residue and remainder of the estate.
Section 1240 of Page on Wills 2063, citing Macknet's Ex'rs
v. Macknet, 24 N.J. Eq. 277 and Morristown Trust Co. v. Townof Morristown, 82 N.J. Eq. 521, says:
"If the will contains a general residuary clause, which, by its terms, may pass the property in question, a renounced legacy or devise passes under such residuary clause, unless the will shows testator's intention to make some other disposition of such devise or legacy in case of renunciation."
Testatrix has made no provision in her will for the disposition of the renounced legacy and, therefore, it passes under the residuary clause to complainant. *Page 352 
Having determined that the beneficiary of the estate in remainder has legally and effectually renounced, we find that the life tenant becomes entitled not only to the life estate but to the corpus, and this by virtue of the residuary clause, which is absolute. The purpose of the trust having ceased by the merger, the trust should be declared at an end.
As Vice-Chancellor Leaming said in Brooks v. Davis, 82 N.J. Eq. 118:
"The entire estate having at this time become vested in complainant, there can be no doubt of the jurisdiction of this court to grant the relief sought" (terminating the trust).
There are quite a few cases where the interests of the equitable life cestui and legal or equitable remainderman have become vested in the same person, in which the courts have decreed that the trust was ended or terminable, especially where some useful purpose was not deemed to be capable of accomplishment by the continuance of the trust. Den, ex dem.Wills v. Cooper, 25 N.J. Law 137, where the life cestui
became legal remainderman; Brooks v. Davis, supra, lifecestui conveyed to remainderman; L'Hommedieu v. L'Hommedieu,98 N.J. Eq. 554, life cestui conveyed to remainderman;Pedrajas v. Bloomfield Trust Co., 101 N.J. Eq. 105, lifecestui took contingent remainder in trust, which later became vested.
Complainant is advised that by virtue of the renunciation of the Salem Quarterly Meeting of Friends, the remainder created in that society's favor is to be considered as if not made, and that he, as residuary legatee, takes under that clause the remainder that would have gone to the society, and that he is entitled to immediate payment of the entire trust fund in the hands of the executors. *Page 353