ANDREW, J. T. C.
In this matter the court must determine primarily whether . the renunciations filed by two beneficiaries of the estate of Marian G. Wells were effective for inheritance tax purposes. The Transfer Inheritance Tax Bureau in the Division of Taxation, Department of the Treasury (Bureau), decided that the renunciations were ineffective because they were not filed within a “reasonable time” of the death of Marian G. Wells as set forth and required in N.J.A.C. 18:26-2.2.
Pursuant to N.J.S.A. 54:34-13 plaintiff appealed the Bureau’s determination to this court. The matter has been submitted by the parties on stipulated documentary exhibits and legal memoranda.
The relevant facts are undisputed. Marian G. Wells died testate on April 26, 1979. Her will provided, in pertinent part:
SECOND: I give, devise and bequeath all the rest, residue and remainder of my estate, whether real, personal or mixed, wheresoever it may be situate, in the following manner and form:
A. I direct my Executor, hereinafter named, to divide the residuary into two equal shares;
B. One of such equal shares to be paid to Russell V. Wells, Jr. and Phyllis Wells, his wife, or the survivor thereof, per stirpes;
C. The second of such equal shares to be paid to Edward W. Wells and Elizabeth J. Wells, his wife, per stirpes.
Elizabeth J. Wells, daughter-in-law of testatrix, qualified as executrix of the estate and in such capacity she signed a transfer inheritance tax return on September 26, 1979 which was eventually filed with the Bureau on October 1, 1979. The return indicated that the net value of the estate, after deductions, was approximately $78,900. The executrix reported an equal distribution of the estate’s assets to decedent’s sons, Russell V. Wells, Jr. and Edward W. Wells. There was no indicated distribution for Phyllis Wells or Elizabeth J. Wells. The inheritance tax computed by the executrix was $977.94 based on an exemption of $15,000 for each of decedent’s sons • and a tax rate of 2%. N.J.S.A. 54:34-2(a). Shortly thereafter, upon the issuance of waivers by the Bureau, the attorney representing the estate advised the executrix to make a partial distribution to the two beneficiary-sons equally.
*423 On October 29, 1979 the Bureau assessed a total inheritance tax of $4,565.54. According to the Bureau, the second paragraph of decedent’s will required an equal four part division of the residuary estate. Accordingly, a tax was levied on the transfer to Phyllis and Elizabeth J. Wells at a rate of 11%, the applicable rate for a daughter-in-law of a decedent. N.J.S.A. 54:34-2(c).
Five weeks later, on December 6, 1979, the written renunciations of Phyllis and Elizabeth J. Wells were filed with the Monmouth County Surrogate and the Bureau. In their renunciations each daughter-in-law claimed that decedent had intended her estate to be divided equally between her two sons and that each daughter-in-law was to acquire an interest only in the event that her husband predeceased the decedent.
It is well settled that a devisee or legatee may renounce a testamentary gift, even if the purpose is to defeat the inheritance tax which would otherwise be imposed on the transfer. Atkinson, Wills (2 ed. 1953), § 139 at 774: 6 Bowe-Parker: Page on Wills (3 ed. 1962), § 49.2 at 39; In re Howe, 112 N.J.Eq. 17, 19, 163 A. 234 (Prerog. Ct. 1932); Dare v. New Brunswick Trust Co., 122 N.J.Eq. 349, 351, 194 A. 61 (Ch.1937). However, if a gift is beneficial to a donee, acceptance will be presumed. In re Howe, 112 N.J.Eq., at 21, 163 A. 234. This presumption can ordinarily be rebutted by proof that a donee refused to accept a devise or bequest. Ibid; Lawes v. Lynch, 7 N.J.Super. 584, 592, 72 A.2d 414 (Ch.Div.1950), aff’d 6 N.J. 1 (1950).
 The burden of proving a renunciation of a devise or bequest is upon the party alleging such renunciation. Annotation, “What constitutes or establishes beneficiary’s acceptance or renunciation of devise or bequest,” 93 A.L.R.2d 8 (1958). Such a refusal or renunciation after the death of a testator, in order to be operative, must be made within a reasonable time. In re Howe, 112 N.J.Eq., at 22, 163 A. 234. If the beneficiary is not a minor, is competent and has knowledge of the material facts, the reasonable time begins to run at the death of the testator. Id. at 23, 163 A. 234. 6 Bowe-Parker: Page on Wills op. cit., *424 § 49.8 at 46-47. If the renunciation is not effected within a reasonable time, the donee is deemed to have accepted the gift. Ibid. '
Plaintiff urges that de facto renunciations occurred at the time the inheritance tax return was filed because the interests of the daughters-in-law were omitted. To further buttress this assertion plaintiff points to the fact that an executrix’ commission was claimed by Elizabeth J. Wells (as opposed to acceptance of the gift which would not be taxable under federal income tax law) and also to the fact that a partial distribution was made to only the two sons without opposition by either of the two daughters-in-law. This contention might have some merit were it not for a provision of the Administrative Code. This regulation provides as follows:
If a transferee under a will renounces his rights thereunder, or any portion thereof, the renunciation is given effect in computing the tax against the estate; provided, the instrument or [sic] renunciation is filed within a reasonable time in the office of the clerk of the court where the will is probated and a copy thereof filed with the Transfer Inheritance Tax Bureau. [N.J.A.C. 18:26-2.12; emphasis supplied]
By virtue of the regulation there can be no de facto renunciation because the requirement of filing a written renunciation is explicit. The authority of the Director of the Division of Taxation to make and enforce rules and regulations to carry into effect the provisions of the Tax Act has not been disputed. N.J.S.A. 54:50-1. However, administrative regulations must still be within the fair contemplation of the delegation of the enabling statute. New Jersey Guild of Hearing Aid Dispensers v. Long, 75 N.J. 544, 561-562, 384 A.2d 795 (1978); Sorensen v. Taxation Div. Director, 2 N.J.Tax 470, 475 (Tax Ct. 1981). The New Jersey Guild court indicated that a grant of authority to an administrative agency requires liberal construction to enable the agency to accomplish its statutory obligations, and courts should readily imply such incidental powers as are necessary to effectuate fully the legislative intent. New Jersey Guild of Hearing Aid Dispensers 75 N.J. at 561-562, 384 A.2d 795.
Plaintiffs have not challenged the regulation and have failed to offer any argument that the regulation in question is invalid *425 because it exceeds the authority delegated to the Director by the statute under which it was adopted. I am satisfied that the Director did not exceed his authority in the promulgation of N.J.A.C. 18:26-2.12. The design of the Tax Act is to impose a tax in certain cases upon a transfer of property by will or by the intestate laws. N.J.S.A. 54:34-1 et seq. This tax is levied on the transferee and the amount is dependent upon the value of the gift and the relationship of the donee to the decedent. Ibid. The regulation promulgated by the Director is in accord with the legislative purpose. It makes clear that a renunciation will be effective provided it is accomplished by a positive overt act, i. e., the filing of a written renunciation with the appropriate agencies. This avoids having title to property, the party to be taxed and the amount of the tax left uncertain.
Thus, the primary issue in this matter which requires resolution is whether the written renunciations filed by Phyllis Wells and Elizabeth J. Wells were filed within a reasonable time of the death of Marian G. Wells. If the renunciations were indeed timely filed, a secondary issue arises as to the devolution of the renounced interest of Elizabeth J. Wells.
In re Howe, supra, is the leading case dealing with the effectiveness of a renunciation for inheritance tax purposes. There, Mr. Howe and his wife had both made wills, each disposing of their estates to the other. As a result of an automobile accident, Mr. Howe was killed instantly while Mrs. Howe died three days later without having regained consciousness. Their only heir-at-law was a daughter. Both wills were duly probated and Mr. Howe’s mother was appointed administratrix (with will annexed). Four months and 13 days later (“some four months,” in the words of the court), the administratrix of the wife’s estate formally renounced the transfer of the husband’s estate to the wife’s estate with the purpose of effectuating an intestate transfer to the daughter, thus eliminating an additional taxing event under the inheritance tax laws. Apparently relying on Yawger’s Ex’r v. Yawger, 37 N.J.Eq. 216 (Ch.1893), which held that failure to renounce an outright interest *426 within 25 days after the testator’s death, ipso facto established an acceptance of the interest, the Howe court held the renunciation ineffective because it was not made within a reasonable time. 5 N.J.Practice (Clapp, Wills and Administration) (3 ed. Supp.1979), § 278 at 153, n.22.
In reaching this determination the Howe court set forth the principle stated previously, that a beneficiary under a will may refuse to accept a testamentary gift with the result that no testamentary transfer is deemed to have occurred for inheritance tax purposes. However, the court stated (at 21-22) that unless the donee established this refusal by adequate proof of nonacceptance — by some positive, overt act, within a reasonable time, common sense dictated that where the gift was beneficial, there would be a presumption of acceptance. In addition to the logic attached to this presumption, the court reasoned that this rule of law was necessary in order to insure that ownership and title to property, both real and personal, shall not be involved in continual doubt and uncertainty. Id. 112 N.J.Eq., at 21, 163 A. 234. Accord Olsen v. Wright, 119 N.J.Eq. 103, 181 A. 182 (Ch.1935).
In this case the written renunciations were filed seven months and ten days after the death of Marian G. Wells. Whether a time period within which to act is reasonable or unreasonable depends upon the facts and circumstances of the particular case. In this regard Chief Judge (later Justice) Cardozo has eloquently expressed the factors to be considered in calculating the time within which an election must be made.
The general principle is that election must be made within a time that is equitable in the light of all the circumstances. This time may be very long, if injury to others will not result from the delay, and by the same token very short if the failure to act promptly may work injury or hardship .... Broadly speaking, we may say that at least there should be adequate opportunity to investigate the cost of the burden as compared with the value of the benefit and to acquire that knowledge of the facts without which choice, if made, would be uninformed and unintelligent ... Indeed authority is not lacking that relief may be granted against an election once declared if made in ignorance of values or misconception of the law ... Liberality may well be greater when indulgence is craved in advance of the event. Upon a prayer for such indulgence all ' the circumstances are to be weighed. The time fairly to be allowed, where the will is plain or uncontested and values are readily ascertainable, may be *427 inadequate where there is contest or obscurity or a call for inquiry and reflection. Sometimes the period of permissible delay is governed by a statute with the result that discretion is excluded ... In the absence of statute, the question is one of fact whenever conflicting inferences are possible. [Oliver v. Wells, 254 N.Y. 451, 459, 173 N.E. 676, 679 (1930); citations omitted]
Plaintiff contends that In re Howe was decided approximately “50 years ago in a simpler world, less burdened by federal and state taxes,” and at that time “a reasonable period may have been less than four months,” but that should not be the rule today. Plaintiff further points to the time requirements in the current New Jersey Disclaimer Act, N.J.S.A. 3A:25 39 et seq. (adopted after the pertinent dates in the present matter), and § 2518 of the Tax Reform Act of 1976. 26 U.S.C.A. 2518. Both of these provisions allow a period of nine months within which to file a disclaimer or renunciation. Therefore, the argument proceeds, a reasonable time period is nine months. Neither of these provisions is controlling[1] and this court cannot evade its responsibility to decide this question upon the facts and circumstances extant.
It is noteworthy that plaintiff offers no explanation for waiting seven months and ten days to file the renunciations. In my review of the record, no explanation is perceived for the delay. By today’s standards the estate was small and uncomplicated. Elizabeth J. Wells and Phyllis Wells were both competent adults, fully cognizant of all the material facts. Since both donees indicated that the gift to each of them was contrary to the wishes of decedent, they had no need to deliberate or engage in a burden-benefit analysis to determine whether either or both should accept or reject the gift. It would have been a simple matter to file a formal renunciation. Plaintiff did in fact file a transfer inheritance tax return, a somewhat more detailed form, approximately two months before the filing of the renunciations. One must also inquire as to why each daughter-in-law *428 waited approximately five weeks after the Director’s notice of reassessment to file the necessary instruments. Plaintiff’s conduct demonstrates indifference to the policy that renunciation be accomplished promptly. Dare v. New Brunswick Trust Co., supra 122 N.J.Eq., at 351, 194 A. 61.
I find that under the circumstances of this matter more than a reasonable time had elapsed before the appropriate renunciations were filed. Therefore, Elizabeth J. Wells and Phyllis Wells are deemed to have accepted the gifts as provided in the will of Marian G. Wells.
Having decided that the renunciations were not filed within a reasonable time pursuant to N.J.A.C. 18:26-2.12, renders it unnecessary to address the secondary issue involving the devolution of a portion of the residuary estate.
Based on the foregoing, judgment shall be entered by the Clerk of the Tax Court affirming the final determination of defendant Director, Division of Taxation.

The right of the State to the inheritance tax on transfer vests at the moment of a decedent’s death, so that the law prevailing at the time of death controls the transfer subject to the tax and the rates thereon. N.J.A.C. 18:26-22.