220 N.J. Super. 300 (1987)
531 A.2d 1364
IN THE MATTER OF THE ESTATE OF FAY HOROWITZ, DECEASED.
Superior Court of New Jersey, Law Division Camden County, Probate Part.
Decided February 25, 1987.
*301 Thomas C. Burke, for plaintiff (Farr, Wolfe & Lyons, attorneys).
LARIO, J.T.C. (temporarily assigned):
The residuary beneficiary and his wife, who is the contingent trustee under the will of Fay Horowitz, have filed an application in this estate matter requesting the appointment of the wife as guardian for their infant child over any interest the child may have in the decedent's estate and for court approved authorization by the guardian to disclaim such interest.
On the return date, after argument was presented by counsel for plaintiff, the court advised that it was inclined to deny the application; however, prior to entering its final determination it granted counsel's request to further research the issue involved and to present legal authority in support of his position.
Thereafter, instead of filing a legal brief counsel forwarded a letter to the court advising as follows:
*302
 January 17, 1987
 The Honorable Anthony M. Lario
 Camden County Hall of Justice
 Fifth & Mickle Boulevard
 Camden, New Jersey 08103
 Re: The Estate of Fay Horowitz
Dear Judge Lario:
We are hereby withdrawing our application for the Court's authorization of the disclaimer that was proposed in the above-captioned matter. Upon review of the applicable statutes, it is our conclusion that the matter should have been heard by the Court having jurisdiction over the minor, not by the Court having jurisdiction over the estate of the decedent.

N.J.S.A. 3B:9-4 provides in part:
A disclaimer on behalf of a decedent, minor, or mentally incompetent may be made by the personal representative of the decedent or the guardian of the estate of the minor or mentally incompetent person. The disclaimer shall not be effective unless, prior thereto, the personal representative or guardian has been authorized to disclaim by the Court having jurisdiction of the estate of the decedent, minor or mentally incompetent person. [Emphasis supplied]
In the present case, the estate of the decedent is located in Camden County, however, the minor who is involved now lives with his parents in the State of Delaware (having moved there recently from Pennsylvania). Therefore, we will be making application before a Delaware Court.
....
 Respectfully yours,
 s/ Thomas C. Burke
 THOMAS C. BURKE
Plaintiff failed to cite any rule of court or other authority for his proposed action. This matter having been duly presented and taken under advisement by the court, at this juncture it may not be withdrawn unilaterally by plaintiff; it may be withdrawn only with leave of court, R. 4:37-1(b), for which leave there has been no application.
Additionally, plaintiff's interpretation of N.J.S.A. 3B:9-4 is incorrect. This section of the probate code should be read in pari materia with all other portions of chapter 9, a reading of which clearly leads to the conclusion that "court" referred to in § 4 refers to a court of the State of New Jersey having *303 jurisdiction over the estate of the decedent. Plaintiff-counsel's letter citation of § 4 places a period after the word "person," which is incorrect  he omitted the balance of the sentence which continues: "... person, after finding that it is advisable and will not materially prejudice the rights of creditors, devisees, heirs or beneficiaries of the decedent, the minor or mentally incompetent person or his creditors, as the case may be." N.J.S.A. 3B:9-4.
By this section the Legislature not only requires court approval of a disclaimer by a minor's guardian, but also decreed that this court must first make a determination that the disclaimer is advisable, and secondly, that it will not materially prejudice the rights of creditors, devisees, heirs or beneficiaries of the decedent. Our Legislature certainly never intended to attempt to direct courts of other states as to what findings and conclusions they are required to make in exercising their ultimate authority. Undoubtedly, the Legislature's direction is to courts of this jurisdiction.
The facts submitted disclose that Fay Horowitz, a resident of New Jersey, died testate on July 11, 1986 and her will was probated in the Surrogate's Office of Camden County. The testatrix made certain specific bequests to her nephew, Dr. Laurence S. Kalkstein, the copetitioner in this proceeding, and to various charitable organizations. The remainder of her estate was directed to be distributed as follows:
FIFTH: I give the rest, residue and remainder of my estate to my nephew, LAURENCE S. KALKSTEIN. If he should not survive me, it shall go to my trustee hereafter named IN TRUST NEVERTHELESS for the children of my said nephew, to be held as a single trust and to invest and reinvest the same. As each child becomes twenty-one (21) years of age, he shall be entitled to his share of the trust, the number of shares being the same as the number of children.
The will named Dr. Kalkstein as executor and his wife, Rhona Kalkstein as trustee. Letters testamentary were issued to Dr. Kalkstein as executor on July 24, 1986. The testator was survived by her nephew, Dr. Kalkstein, his six-year-old son, *304 Adam, and also by the testator's mother, Rose Friedman, who is Dr. Kalkstein's grandmother.
According to the certifications presented by both Dr. and Mrs. Kalkstein, the residue of the estate is estimated at $175,000. If Dr. Kalkstein takes under the will as a nephew of decedent, he is classified as a class D beneficiary. N.J.S.A. 54:34-2(d). As such his interest, if he takes, would be taxed at a rate of 15%, N.J.S.A. 54:34-2(d), N.J.A.C. 18:26-2.8, which would give rise to tax liability of approximately $26,250. The same tax rate would apply should his son take the residue of the estate. It is this relatively large estate tax liability that the beneficiaries seek to avoid by instituting the underlying action.
Dr. Kalkstein states in his certification that he will not disclaim his interest under the will until his child does. It is his desire "to keep the residue of my aunt's estate in my family, while, at the same time, reducing the taxes that must be paid thereon." To this end applicants propose that the wife, who is the trustee of the testamentary trust, be appointed guardian of the property of their child, the beneficiary of the trust, in order that she may disclaim the interest of any of Dr. Kalkstein's children in the estate as allegedly permitted by N.J.S.A. 3B:9-4. Petitioners allege that once all descending interests of the decedent's estate are disclaimed the entire residue of the estate will go to Rose Friedman, testator's mother and Dr. Kalkstein's grandmother, per New Jersey's intestacy laws. See, e.g., N.J.S.A. 3B:9-8 (One disclaiming will be treated as if he or she has predeceased the decedent); and N.J.S.A. 3B:5-4(b) (If no surviving issue, to parent or parents equally). If the residuary estate is inherited by decedent's mother, who is classified as a class A beneficiary, e.g., N.J.S.A. 54:34-2(a)(2), there would be a significantly lower rate of tax. New Jersey's rate of inheritance tax for a parent receiving between $150,000 and $200,000 from a decedent who died between July 1, 1986 and June 20, 1987 is 5%. N.J.S.A. 54:34-2. See also N.J.S.A. 54:35-1; N.J.A.C. 18:26-2.2 (Law at time of death controls). Instead of the estate's paying the 15% class D rate if plaintiff were to accept, *305 the amount going to decedent's mother would be taxed at the 5% class A rate for a total tax liability of approximately $8,750, a tax saving of almost $20,000.
In New Jersey the right to disclaim an interest in a decedent's estate is governed by N.J.S.A. 3B:9-1 et seq. Section 2 provides in pertinent part:
"Any person who is a devisee or beneficiary under a testamentary instrument, ... including a person succeeding to disclaimed interest, or an heir may disclaim in whole or in part the right of succession to any property or interest therein, including a future interest, by filing a disclaimer under this chapter...." [N.J.S.A. 3B:9-2]
A devisee may renounce a testamentary gift even if the purpose is to defeat the inheritance tax which would otherwise be imposed on the transfer. Wells v. Taxation Division Director, 3 N.J. Tax 420, 423 (Tax Ct. 1981); In re Howe, 112 N.J. Eq. 17, 19 (Prerog.Ct. 1932).
However, in neither Wells nor Howe was the court called upon to approve the disclaimer; it was required only to determine whether the disclaimer was filed within time. No New Jersey reported decision has been cited whereby a court of this State has been called upon to affirmatively assist or approve a disclaimer for the sole purpose of avoiding payment of taxes.
Other courts have implied that such action would be improper. In Zipperlein's Estate, 367 Pa. 622 (Sup.Ct. 1951), the Pennsylvania Supreme Court, while ruling on the inheritance tax rate which was applicable to the daughter-in-law of the testatrix, refused a suggestion by the donee that she be allowed to disclaim (after she had accepted) in order to reduce her inheritance tax burden. Justice Stern, in refusing to assist such a scheme, distinguished the facts before him from other cases of disclaimer by stating:
In [In re Butes' Estate, 355 Pa. 170 (1946)], however, the renunciation of the legacy was bona fide and not part of any palpable evasive scheme such as that here suggested; moreover, the stepson's wife in the present case has not in fact disclaimed her interest in the bequest. [Id. at 624]
While passive acceptance of a disclaimer scheme may be acceptable, there is no reported instance of a New Jersey court *306 having actively involved itself in aiding the avoidance of taxes. Nor should a court aid in such avoidance except where there exist most compelling reasons for so doing which do not exist here. Although tax avoidance is lawful, there is no authority in New Jersey whereby its courts should affirmatively intercede to aid a plan when the sole purpose is the evasion of taxes.
In any event, although disclaimer of a transfer for tax avoidance purposes is permissible, there must be strict construction and compliance with the authorizing statutes. In the instant case, if Dr. Kalkstein disclaims, the balance of the residuary estate devolves as if Dr. Kalkstein has predeceased his son, N.J.S.A. 3B:9-8; therefore, according to paragraph fifth of the will the residuary estate would devolve to Rhona Kalkstein as trustee, in trust for Dr. Kalkstein's children, "to be held as a single trust" with each child receiving his share of the trust upon becoming 21 years of age.
N.J.S.A. 3B:9-1(c) defines "devisee" to mean "any person designated in a will to receive a devise but does not mean a trustee or trust designated in a will to receive a devise." Emphasis supplied.
Since the recipient of the estate after Dr. Kalkstein's disclaimer would be a trust, by reason of § 1(c), a court has no authority to authorize a disclaimer and even if a disclaimer by the guardian were authorized by an out-of-state court, the New Jersey Division of Taxation, Inheritance Tax Bureau, would have no legal right to accept and give effect to the attempted disclaimer for the trust.
Additionally, even if it were determined that N.J.S.A. 3B:9-1 is not controlling and that N.J.S.A. 3B:9-4 was applicable to the infant, Adam, this court finds that disclaimer would not be advisable in that it would not be in the best interests of the infant. If the proposed plan was approved and the estate passed to the grandmother as claimed by applicants, they argue that the child's interest would not be prejudiced thereby, in that if it was not approved the child would never directly receive *307 anything from the estate. This argument is not convincing; if the entire residue were to go to the child's great-grandmother there is no guarantee that this child will receive any benefit from such a devolution. The amount could be significantly reduced by the grandmother during her lifetime; the grandmother could possibly remarry and share her estate with her husband; family relations could become strained and her grandson's interest in her estate reduced or eliminated; or, any number of events might possibly occur that would militate against protection of the child's interest. Moreover, if the child's father accepts his devise, despite the increased tax burden, the child unquestionably will receive some direct benefit from his father; it cannot be said with any degree of certainty that such would be the case if the estate devolved to the great-grandmother of the child. While taxes may be saved by approval of this scheme, any number of contingencies could reduce the amount devolved after receipt by the grandmother, thus affecting any benefit the child might eventually receive.
Another fact to be considered is the legal effect of a disclaimer on behalf of the infant, Adam. The testator willed that in the event the nephew predeceased her the residuary estate would devolve to a trust in behalf of the nephew's children. It, unquestionably, was the intent of the testator that in the event her nephew predeceased her all of the children of the nephew whenever born would share in the remainder of the estate. Engle v. Siegel, 74 N.J. 287, 295 (1977); In the Matter of the Estate of William Mincer, 201 N.J. Super. 137, 141 (App.Div. 1985).
There is no proof that Dr. Kalkstein (whose age was not listed but whose wife certified that she was 36 years old) cannot or will not have any other children. Since the residuary devise is to a trust and since the benefits of this trust would not be known until the actual death of Dr. Kalkstein, the estate more than likely would not immediately devolve to the grandmother. If such were to occur and children were thereafter born, the taking by the children would certainly be to the detriment of *308 Adam which is an additional reason that the disclaimer for Adam is not advisable.
The relief requested by the petitioners is denied.