226 N.J. Super. 67 (1988)
543 A.2d 488
IN THE MATTER OF THE ESTATE OF EDNA WICKHAM SCHOCK.
Superior Court of New Jersey, Law Division Probate Part, Monmouth County.
Decided March 14, 1988.
*68 Mark R. Aikins, attorney for United Jersey Bank, Executor of the Estate of Edna Wickham Schock, (Carton, Nary, Witt & Arvanitis, attorneys William G. Bassler, on the brief).
John Warren, Jr., attorney for Henry P. Wickham, Executor of the Estate of Henry P. Wickham.
William P. Gilroy, Guardian Ad Litem for infant beneficiaries, Timothy L. Laramy, Molly E. Laramy, Darby S. Lapsa and Erin A. Lapsa.
McGANN, J.S.C.
This matter involves the interpretation of N.J.S.A. 3B:9-4, dealing with (in this case) a disclaimer of benefits by the personal representative of a deceased beneficiary. The effect of that statute was recently addressed in In the Matter of the Estate of Horowitz, 220 N.J. Super. 300 (Law Div. 1987). The conclusion herein differs somewhat from the conclusion in that case.
Henry G. Wickham died testate on May 12, 1987. His will dated November 5, 1976 and Codicil thereto dated May 11, 1982 was duly admitted to probate on June 2, 1987.
Under Article Fourth of his will, Henry G. Wickham established a "marital trust" for his wife, Mary S. Wickham, consisting *69 of 50% of the value of his adjusted gross estate. A sizeable amount was involved. Mrs. Wickham disclaimed that portion of the marital trust in excess of $150,000 pursuant to N.J.S.A. 3B:9-2[1] by writing filed with the Surrogate on January 14, 1988.
That disclaimer implicates the residuary clause of the will as to the balance of the marital trust assets. It provides that the residuary estate be distributed 40% to decedent's daughter, Edna W. Schock; 40% to another daughter, Anne W. Chapman and 20% to his son, Henry P. Wickham. The will further provides in the residuary clause that
If any of my said children shall predecease me, I then direct that the share of my estate so given, devised and bequeathed to such child shall be devised equally among such child's surviving issue.
The Edna W. Schock 40% share of her father's estate and after her mother's disclaimer amounts to almost $197,000. If paid to her the Henry P. Wickham estate is obligated to pay about $2,300 in New Jersey Inheritance Taxes.
Edna Wickham Schock survived her father by 10 days. She died May 22, 1987. Her will dated August 21, 1986 was admitted to probate on June 10, 1987. The United Jersey Bank qualified as Executor thereunder. Her estate is valued in excess of $3,600,000.[2] Federal estate taxes will be assessed at a rate of about 53%. If the 40% residuary interest of $197,000 payable under her father's estate is received by her estate, a Federal estate tax of about $90,000 would have to be paid on *70 that sum together with Inheritance Taxes and estate commissions (in addition to the $2,300 New Jersey Inheritance Tax payable by her father's estate). The executor of the Edna Wickham Schock estate wishes to disclaim the 40% residuary bequest from the Henry G. Wickham estate.
If that disclaimer is effective it will result in the following consequence within the Henry G. Wickham estate. The approximate $197,000 would be treated as if Edna Wickham Schock had predeceased her father and it would be divided equally between Edna's two daughters Linda Laramy and Eileen Lapsa. No state Inheritance Tax would be imposed on that transfer. The Henry G. Wickham estate would save the $2,300.
The plan for distribution under the Edna Wickham Schock will provides, first, for the funding of two trusts each in the amount of $500,000  one for Linda Laramy; the other for Eileen Lapsa. After payment of all administration expenses and taxes, the residuary is to be divided into two separate trusts  the Eileen Lapsa Family Trust and the Linda Laramy Family Trust. Those trusts are to pay income to the daughters for life and on their respective deaths to be continued as trusts for the benefit of their children (Edna's grandchildren). Each daughter has two children. All four are minors. Therefore, if the executor of the Edna Wickham Schock estate is allowed to disclaim, each Family Trust will receive about $49,500 less. Because the decision has that potential adverse affect on the minors, a Guardian ad Litem was appointed to protect their interests.
N.J.S.A. 3B:9-4 applies. In pertinent part it states:
A disclaimer on behalf of a decedent ... may be made by the personal representative of the decedent .. . The disclaimer shall not be effective unless, prior thereto, the personal representative ... has been authorized to disclaim by the court having jurisdiction of the estate of the decedent ... after finding that it is advisable and will not materially prejudice the rights of creditors, devisees, heirs, or beneficiaries of the decedent . ..
On the return date of the order to show cause the matter had been fully briefed and was presented by the attorneys representing *71 the estate of Edna Wickham Schock, Henry G. Wickham and by the Guardian ad Litem. It was apparent that, if the disclaimer were otherwise proper, the interests of the minors (in being and potential) could be fully protected. Each of the daughters, Mrs. Laramy and Mrs. Lapsa are willing to fund separate trusts of the approximate sum of $49,500 each for the benefit of their children to be administered under the same terms as set forth in their mother's will. The Guardian ad Litem does not oppose that plan.
The purpose of the disclaimer is to save the payment of death-related taxes. If approved, the estate of Henry G. Wickham will not pay the State of New Jersey some $2,300 in inheritance taxes; the Edna Wickham Schock estate will not pay the Federal government about $90,000 nor pay the State of New Jersey for its Compromise Tax some $16,500 or for its Estate Tax some $2,700 The $197,000, as noted, will pass in equal shares to Linda Laramy and Eileen Lapsa under the Henry G. Wickham will.
Counsel for the parties, as competent estate planners drew the Court's attention to the opinion in In The Matter of Estate of Horowitz, above, and particularly the statement which appears therein 220 N.J. Super. at p. 306:
Although tax avoidance is lawful, there is no authority in New Jersey whereby its courts should affirmatively intercede to aid a plan when the sole purpose is the evasion of taxes.[3]
Clearly, that is the purpose of the disclaimer here. The question (with that caveat in mind) presented is should this court, as a matter of policy (and where it is otherwise satisfied that it is advisable to do so) deny authorization for the disclaimer simply because its purpose is to avoid (not evade) taxes?
Before resolving that issue and reading the word "creditor" in the statute as including the affected taxing authorities, the *72 court directed counsel for the executor to notice both the Federal and State taxing agencies and solicit their intervention and views. The matter was continued for that purpose. They were notified. The State of New Jersey, through the Deputy Attorney General assigned to the Financial Section of the Division of Law, responded in writing that "the Transfer Inheritance Tax Bureau would not oppose the application to disclaim ..." The United States responded in writing from the Deputy Chief, Civil Division of the United States Attorney's Office for the District of New Jersey. He points to 28 U.S.C. § 2201 which provides that Declaratory Judgments are valid in any court in the United States "... except with respect to Federal Taxes ..." It is his position, based on that, that the Internal Revenue Service may not be compelled to take a position on the effect of the disclaimer on Federal taxes at this juncture. A position will be taken upon the federal tax audit when the return is filed. If, then, the Internal Revenue Service rejects the effect of the disclaimer, judicial review will be accorded on the Federal level by appeal to the United States Tax Court, The United States District Court or the Court of Claims.
With those positions clearly stated, I do not share the sense of unease expressed in Horowitz over the Court's approval of a disclaimer which will deprive the public of substantial tax income. One must be just in paying taxes due under the law; one need not be generous. Therefore, I hold that just as disclaimers not requiring court approval are legitimate even if the sole purpose is tax avoidance, so are court approved disclaimers. In the words of the statute, I find that the disclaimer "will not materially prejudice the rights of creditors" (the taxing authorities).
By the same token, if the order of approval is conditioned on Mrs. Laramy and Mrs. Lapsa protecting the interests of their children in the manner suggested above, then the approval "will not materially prejudice the rights of ... beneficiaries of the decedent." A conditional approval of that nature is the obvious *73 reason for the statute, and is the authorization to be entered, here.
Mr. Aikins will submit an order conformed to the above within 10 days in accordance with R. 4:42-1(b).
NOTES
[1] In pertinent part N.J.S.A. 3B:9-2 provides:

"Any person who is a devisee or beneficiary under a testamentary instrument ... may disclaim in whole or in part the right of succession to any property or interest therein, including a future interest, by filing a disclaimer under this chapter....:
It is well settled that a devisee or legatee may renounce a testamentary gift, even if the purpose is to defeat the inheritance tax which would otherwise be imposed on the transfer. Wells v. Taxation Div. Director, 3 N.J. Tax 420 (Tax Court 1981).
[2] There must be added to this some $8,400,000  the value of a marital trust she received under the will of her husband, Charles C. Schock, Jr., deceased.
[3] The court in Horowitz does not, however, rest its decision on that basis but rather decided that the plan would not be in the best interests of yet unborn children.