NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-5291-14T4

26 FLAVORS, LLC,

 Plaintiff,

v.

TWO RIVERS COFFEE, LLC,
d/b/a BROOKYLN BEAN,

 Defendant/Third-Party
 Plaintiff-Respondent,

v.

EMIL FRIEDMAN,

 Third-Party
 Defendant-Appellant.
_____________________________

 Argued April 6, 2017 - Decided September 12, 2017

 Before Judges Hoffman, O'Connor and Whipple.

 On appeal from Superior Court of New Jersey,
 Chancery Division, Middlesex County, Docket
 No. C-0007-15.

 Paul H. Schafhauser argued the cause for
 appellant (Chiesa, Shahinian & Giantomasi,
 PC, attorneys; Mr. Schafhauser and Michelle
 M. Sekowski, on the brief).
 Hillel I. Parness argued the cause for
 respondent (Parness Law Firm, PLLC,
 attorneys; Mr. Parness, on the brief).

PER CURIAM

 Third-party defendant Emil Friedman appeals from a

provision in a May 15, 2015 order granting defendant/third-party

plaintiff Two Rivers Coffee, LLC leave to file a third-party

complaint against him.1 Friedman also appeals from those

provisions of a June 30, 2015 order permitting defendant to

retain counsel and to pay for its attorney's fees. After

reviewing the record and applicable legal principles, we

conclude the provisions in the orders under review are moot.

 I

 Both plaintiff and defendant sell coffee products. At the

time in question, they were bound by a non-compete agreement.

Significantly, Friedman is a member of both plaintiff and

defendant. Specifically, he is the only member of plaintiff and

one of four members of defendant.

 In any event, suspecting defendant was competing against it

in violation of their agreement, in January 2015, plaintiff

filed a complaint and order to show cause (OTSC) seeking

defendant be temporarily restrained from engaging in the conduct

1
 For the balance of the opinion, we refer to defendant/third-
party plaintiff Two Rivers Coffee, LLC as "defendant," and
third-party defendant as "Friedman."
 2
 A-5291-14T4
that allegedly violated the non-compete agreement. Thereafter,

one of defendant's members asked Friedman to authorize defendant

to retain counsel, so defendant could defend itself against

plaintiff's OTSC; Friedman refused.

 Mayer Koenig, Eugene Schreiber, and Steven Schreiber (the

three members) are three of the four members of defendant.

Fearing defendant's profits would suffer if plaintiff prevailed

on its OTSC, the three members pooled $20,000 of their own money

and hired counsel to represent defendant. Nine days after

defendant filed a response to the OTSC, plaintiff filed a

voluntary dismissal, purportedly pursuant to R. 4:37-1(a).

Thereafter, in accordance with the non-compete agreement,

plaintiff initiated arbitration proceedings on the question

whether defendant had violated such agreement.

 Defendant then filed two motions seeking various relief in

connection with the OTSC. Among other things, defendant sought

leave to file a third-party complaint against Friedman;

authorization, albeit after the fact, to retain counsel to

defend itself against the OTSC; permission to reimburse the

three members for the monies they spent to retain counsel, as

well as to pay any other fees and costs it incurred to defend

itself against the OTSC.

 3
 A-5291-14T4
 On May 15, 2015, the court entered an order granting

defendant's motion for leave to file a third-party complaint

against Friedman. Although Friedman opposed the motion on the

ground the case had been dismissed, precluding the filing of a

third-party complaint, the court found plaintiff had not been

authorized under R. 4:37-1(a) to voluntarily dismiss its

complaint.2 The court determined defendant's response to the

OTSC the equivalent of an answer, which prohibited plaintiff

from dismissing the complaint without a court order. See

Pressler & Verniero, Current N.J. Court Rules, comment 1.1 on R.

4:37-1 (2017)(citing In re Estate of Horowitz, 220 N.J. Super.

300, 302 (Law Div. 1987)) (holding "[i]t is clearly too late to

seek to voluntarily dismiss a matter without court order after

the court has taken the merits under advisement.").

 On June 30, 2015, the court granted defendant's motion to:

(1) prohibit Friedman from participating in defendant's decision

2
 This rule provides in pertinent part:

 an action may be dismissed by the plaintiff
 without court order by filing a notice of
 dismissal at any time before service by the
 adverse party of an answer or of a motion
 for summary judgment, whichever first
 occurs; or by filing a stipulation of
 dismissal specifying the claim or claims
 being dismissed, signed by all parties who
 have appeared in the action.

 4
 A-5291-14T4
to retain counsel; (2) authorize defendant to reimburse the

three members for the monies they used from personal funds to

retain counsel on defendant's behalf; and (3) authorize

defendant to retain and pay counsel for the fees defendant

incurred in connection with the OTSC. In its oral decision, the

court made it clear it granted the above relief only with

respect to the OTSC and not for any other proceeding, including

the arbitration hearing.

 Friedman had argued the court did not have jurisdiction to

grant this relief, contending defendant had to seek such relief

from an arbitration panel. The court determined paragraph 11.2

of defendant's operating agreement, which bound all four

members, enabled the court to consider and grant the relief.

Paragraph 11.2 states in relevant part:

 All disputes with respect to any claim for
 indemnification and all other disputes and
 controversies between the parties hereto
 arising out of or in connection with this
 Operating Agreement shall be submitted to a
 Beth Din arbitration in accordance with
 Orthodox Jewish religion. . . . An award
 rendered by Beth Din pursuant to this
 Agreement shall be final and binding on all
 parties to the proceeding. . . . Except as
 set forth below, the parties stipulate that
 the provisions of this paragraph shall be a
 complete defense to any suit, action or
 proceeding instituted in any federal, state,
 or local court or before any administrative
 tribunal with respect to any controversy or
 dispute arising out of this Agreement. The
 5
 A-5291-14T4
 arbitration provisions hereof shall, with
 respect to such controversy or dispute,
 survive the termination or expiration of
 this Agreement. Notwithstanding anything
 herein to the contrary, any party may seek
 from a court any provisional remedy that may
 be necessary to protect any rights or
 property from such party pending the
 establishment of the arbitral tribunal or
 its determination of the merits of the
 controversy.

 [Emphasis added].

 Relying on this language, the court noted that, although

the members agreed disputes among them were to be submitted to

arbitration, the operating agreement provided a party could seek

a provisional remedy from the court if necessary to protect its

rights or property because an arbitration panel had not yet been

established or, if established, a party could not wait for the

panel's decision on the merits. The court regarded the relief

defendant sought to be a provisional remedy because plaintiff

had sought provisional relief in the form of an OTSC. It found

the relief defendant requested necessary because:

 [I]t would have been a breach of the
 members' fiduciary duty not to hire counsel
 [and] let [defendant] default with nothing.
 . . . I think that would have been a breach
 of fiduciary duty to the [defendant]
 company.

 So, it is my view that it was incumbent upon
 somebody to retain counsel to at least make
 an appearance in connection with the
 provisional remedy sought. . . .
 6
 A-5291-14T4
 And it is my view [a provisional remedy] . .
 . applies to the retention of counsel, and
 the payment of counsel fees, in defense of a
 provisional remedy.

 The court also relied upon paragraph 6.1.2 of the operating

agreement, which provides all "decisions and documents relating

to the day-to-day management and operation of [defendant] shall

be made and executed by a [m]ajority in [i]nterest of the

[m]embers." The court determined decisions about litigation

were those that fell into the latter category. The court

stated,

 [E]ven if [Friedman] protests the defense,
 [he] was outvoted. Because it’s a per
 capita vote. So, it was completely, in my
 view, appropriate for the three members to,
 in fact, retain counsel to defend against a
 provisional remedy. . . .

 And, as I’ve previously stated, I think it
 would have been a breach of fiduciary duty
 to allow [defendant] to go undefended and
 default in this action. And, in fact, the
 three members, on the per capita vote,
 properly retained counsel.

 II

 On appeal, Friedman asserts the following arguments for our

consideration:

 POINT I: THE TRIAL COURT ERRED IN ALLOWING
 THE FILING OF A "THIRD-PARTY COMPLAINT"
 AGAINST MR. FRIEDMAN IN A MATTER THAT HAD
 ALREADY BEEN DISMISSED BY 26 FLAVORS.

 7
 A-5291-14T4
POINT II: THE TRIAL COURT ERRED IN GRANTING
THE MINORITY MEMBERS LEAVE TO FILE A FUTILE
AND PREJUDICIAL THIRD-PARTY COMPLAINT
AGAINST MR. FRIEDMAN.

POINT III: THE TRIAL COURT ERRED IN
SUMMARILY DECIDING THIS MATTER WHEN (I) THE
MINORITY MEMBERS' MOTION WAS NOT SUPPORTED
BY COMPETENT EVIDENCE; (II) THE TRIAL COURT
DISREGARDED COMPETENT EVIDENCE SUBMITTED
THROUGH MR. FRIEDMAN'S CERTIFICATION; AND
(III) MATERIAL ISSUES OF FACT REMAINED IN
ANY EVENT.

POINT IV: THE TRIAL COURT ERRED IN
DETERMINING THAT THE THIRD-PARTY CLAIMS WERE
NOT PREJUDICIAL TO MR. FRIEDMAN'S BARGAINED-
FOR RIGHTS.

POINT V: THE TRIAL COURT ERRED IN HOLDING
THAT THE THIRD-PARTY CLAIMS WERE NOT SUBJECT
TO THE ARBITRATION PROVISIONS CONTAINED IN
DEFENDANT'S OPERATING AGREEMENT.

 a. There is a strong presumption in
 favor of arbitration and thus any
 doubts concerning the scope of
 arbitrable issues must be resolved
 in favor of arbitration.

 b. The third-party complaint was
 filed in connection with the 26
 Flavors lawsuit commenced under the
 non-compete agreement - not
 regarding any dispute under
 [defendant's] operating agreement.

 c. The application for reimbursement
 of retainer fees was not a
 "provisional remedy."

 d. Even assuming that the
 application for reimbursement of
 retainer fees could constitute a
 "provisional remedy," there was no
 8
 A-5291-14T4
 pending action under the non-compete
 agreement.

 POINT VI: THE TRIAL COURT ERRED IN FAILING
 TO COMPEL THE MINORITY MEMBERS OF
 [DEFENDANT] TO PARTICIPATE IN THE
 ARBITRATION THAT MR. FRIEDMAN COMMENCED IN
 ACCORDANCE WITH THE ARBITRATION PROVISIONS
 OF [DEFENDANT'S] OPERATING AGREEMENT.

 POINT VII: THE TRIAL COURT ERRED IN DEEMING
 UNCONTROVERTED EVIDENCE OF THE MINORITY
 MEMBERS' UNCLEAN HANDS TO BE IRRELEVANT.

 POINT VIII: THE TRIAL COURT ERRED IN FAILING
 TO REQUIRE THE MINORITY MEMBERS TO SUBMIT AN
 AFFIDAVIT OF SERVICES.

 POINT IX: ANY FURTHER PROCEEDINGS INVOLVING
 MR. FRIEDMAN SHOULD BE ADJUDICATED BY A
 DIFFERENT JUDGE.

 There is a strong public policy presumption in favor of

arbitration. Merrill Lynch, Pierce, Fenner & Smith, Inc. v.

Cantone Research, Inc., 427 N.J. Super. 45, 57-58 (App. Div.

2012), certif. denied, 212 N.J. 460 (2012). If there is a valid

and enforceable agreement to arbitrate disputes and the

particular dispute between the parties falls within the scope of

the agreement, the agreement must be enforced. Martindale v.

Sandvik, Inc., 173 N.J. 76, 86, 92 (2002). Moreover, where the

terms of a contract are clear and unambiguous, the court must

enforce them, Watson v. City of E. Orange, 175 N.J. 442, 447

(2003) (Long, J., dissenting), and give the words "their plain,

ordinary meaning." Pizzullo v. N.J. Mfrs. Ins. Co., 196 N.J.
 9
 A-5291-14T4
251, 270 (2008) (quoting Zacarias v. Allstate Ins. Co., 168 N.J.

590, 595 (2001)).

 Here, the terms of paragraph 11.2 of defendant's operating

agreement are clear and unambiguous. Disputes must be submitted

to arbitration, unless a party's right or property requires

protection in the form of a provisional remedy before an

arbitration panel can be established, or such party cannot wait

for a panel's decision on the merits the panel has been tasked

to decide.

 In our view, there were no facts justifying the court

intervene and determine defendant was authorized, without the

unanimous consent of all members, to hire counsel to defend it

against plaintiff's OTSC, pay its counsel's fees, and reimburse

the three members for the money they spent to hire counsel.

There was no evidence defendant's rights or property were in

need of a provisional remedy before an arbitration panel could

act. We fully understand defendant's desire to obtain counsel

to represent it, pay counsel fees from its funds, and reimburse

those members who paid for its debts. But given defendant was

in fact represented during the short period of time plaintiff

pursued its OTSC, and there was no urgency in reimbursing the

three members, resort to the court for a remedy was unnecessary.

 10
 A-5291-14T4
 However, although we disagree with the trial court

paragraph 11.2 of the operating agreement enabled it to

intervene and order the subject relief under these facts, we

concur paragraph 6.1.2 of the operating agreement permits a

majority of defendant's members to make decisions relating to

the day-to-day management and operation of defendant, which

includes retaining and paying for an attorney. Therefore, the

three members did not need a court's or arbitration panel's

approval to retain an attorney to protect defendant's interests,

pay counsel with company funds, or reimburse its members for

paying defendant's counsel fees. The subject provisions in the

two court orders under review are essentially superfluous,

providing relief where none was needed. However, to the extent

these provisions reflect the court’s interpretation of paragraph

6.1.2, we affirm.

 We have considered Friedman's remaining arguments and

conclude they are without sufficient merit to warrant discussion

in a written opinion. R. 2:11-3(e)(1)(E). Friedman's argument

the court erred by failing to compel the three members to

participate in arbitration is not before us.

 Affirmed.

 11
 A-5291-14T4